NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEREMY E. SIGAL,

Plaintiff - Appellant,

v.

WENDY REMMERS; NEDZA,
Sergeant; MICHAEL
SWEETEN; JACKSON, Lieutenant; ANNE
CARPENTER; NORDGREN,
Officer; WOODWARD,
Officer; SHELLEY CARRAO,

Defendants - Appellees.

No. 23-3347

D.C. No.
2:20-cv-00755-RFB-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted December 5, 2024
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Plaintiff-Appellant Jeremy Sigal appeals from the district court's judgment in

favor of defendants in a 42 U.S.C. § 1983 action alleging Fourth Amendment and

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Fourteenth Amendment claims against Nevada Department of Corrections ("NDOC") and Department of Public Safety ("DPS") officers. A prior panel of this court already dismissed the claims related to the NDOC defendants. We have jurisdiction under 28 U.S.C. § 1291. We review the remaining claims against the DPS defendants de novo. *Judd v. Weinstein*, 967 F.3d 952, 955 (9th Cir. 2020). We affirm.

Because the parties are familiar with the facts of this case, we repeat them here only as necessary.

The district court properly dismissed Sigal's Fourth Amendment claims because Sigal signed a conditional release agreement that subjected him to potential "state-imposed intrusions on [his] privacy, including mandatory drug tests, meetings with parole officers, and travel restrictions." *United States v. Johnson*, 875 F.3d 1265, 1274 (9th Cir. 2017). Assuming that DPS personnel accessed Sigal's home as he's alleged, he gave them permission to do so. Moreover, Sigal has not pleaded a prima facie case that a search or seizure occurred, much less an unreasonable one. *See Pike v. Hester*, 891 F.3d 1131, 1137 (9th Cir. 2018) (A search is "when the government violates a subjective expectation of privacy that society recognizes as reasonable."); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ("A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interest in that property."). At no point does his complaint allege facts

that suggest DPS personnel searched or seized anything. His complaint therefore fails to allege a violation of his Fourth Amendment rights.

The district court was also right to dismiss Sigal's Fourteenth Amendment claim. Even assuming arguendo that Sigal has a cognizable liberty interest in not having his residential confinement revoked and that the use of deliberately fabricated evidence to deprive him of that liberty interest would violate due process, he has not pleaded facts "sufficient … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). His allegations amount only to suspicion that the officers were biased against him or claims that they exercised their discretion unfairly against him. Sigal has not alleged facts that would constitute a plausible *prima facie* argument that accusations against him were deliberately fabricated.

The district court's judgment in favor of Defendants-Appellees is **AFFIRMED**.